CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR - 7 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSE ANTONIO VERDUGO-MUNOZ,<br>Petitioner, | Civil Action No. 7:15-cv-00080 |
| v. | MEMORANDUM OPINION |
| CHRISTOPHER ZYCH,<br>Respondents. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Jose Antonio Verdugo-Munoz, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his incarceration is unconstitutional because he is actually innocent of the sentence imposed for his criminal conviction. Petitioner is presently confined at a correctional facility within this district, and this matter is before me for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.[1] After reviewing Petitioner's submissions, I conclude that Petitioner fails to demonstrate an entitlement to relief via § 2241, and I dismiss the petition without prejudice.

In April 2006, the United States District Court for the District of Arizona sentenced Petitioner to, inter alia, life imprisonment for possession with intent to distribute 500 grams or more of Methamphetamine. This life sentence was based on three state convictions for felony drug offenses. The Court of Appeals for the Ninth Circuit affirmed the conviction, and the Supreme Court of the United States denied a petition for a writ of certiorari. The United States District Court for the District of Arizona dismissed with prejudice Petitioner's first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the Court of Appeals for the Ninth Circuit dismissed Petitioner's related appeal.

---

[1] Rule 1(b) permits a court to apply the Rules for § 2254 Cases to a § 2241 habeas petition, and Rule 4 permits a court to dismiss a habeas petition when it plainly appears that a petitioner is not entitled to relief.

Petitioner filed the instant petition to have this court vacate his life sentence imposed by the United States District Court for the District of Arizona. Petitioner argues that a life sentence is illegal because the predicate state-court felony convictions no longer qualify him to serve the life sentence in light of, inter alia, Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

A district court may not entertain a § 2241 petition attempting to invalidate a conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his conviction via § 2241. Petitioner fails to explain how a change in substantive law made it legal to possess with intent to distribute 500 grams or more of Methamphetamine. Furthermore, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v.

2

Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34).

Accordingly, Petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and the petition must be dismissed.

**ENTER**: This 7th day of April, 2015.

Jackson L. Kiser
Senior United States District Judge